IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50147
Summary Calendar
_____

STEVEN KENNETH NEUBERT,

Plaintiff-Appellant,

versus

JAMES T. BOLT, ETC.; ET AL.,

Defendants,

JAMES T. BOLT, Police Officer #1026, El Paso Police
Department, Individually and in his official capacity;
EFRAIME SILVA, also known as Efren Silva, Police Officer
#1294, El Paso Police Department, Individually and in his
official capacity; ARMANDO NANEZ, also know as Nunez,
Detective, El Paso Police Department, Individually and in
his official capacity; LOUIS CARREON, also known as Luis
Carreon, Lieutenant #327, El Paso Police Department,
Individually and in his official capacity; LEM TONG, also
known as Tom, El Paso Police Department, Individually and
in his official capacity; CITY OF EL PASO; TIM MEHL,
Detective,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-133-H
--------------------
September 6, 2001

Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Steven Kenneth Neubert, Texas inmate #535152, proceeding *pro se* and *in forma pauperis*, appeals the district court's summary-

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment dismissal of his 42 U.S.C. § 1983 complaint and its denial of his motion to appoint counsel. We affirm.

The district court did not abuse its discretion by denying Neubert's motion for appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

"An appellant abandons all issues not raised and argued in its initial brief on appeal." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994); *see Knighten v. Commissioner*, 702 F.2d 59, 60 & n.1 (5th Cir. 1983) (issue may not be raised for first time in reply brief, even by *pro se* appellant). Neubert abandoned his appeal of the district court's dismissal of his excessive-force, false arrest, false imprisonment, and malicious prosecution claims by failing to argue the issues in his initial brief. *See Cinel*, 15 F.3d at 1345.

Neubert also abandoned any appeal of the dismissal of his claims against the City of El Paso and his claims against the individual defendants for cruel and unusual punishment and civil conspiracy by neglecting to address these claims in this court. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also*, *Cinel*, 15 F.3d at 1345.

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Neubert's state-law claims. *Cinel*, 15 F.3d at 1344. Both federal law and Texas law provide for suspension of the limitations period on state-law claims during the pendency of the action in federal court when the federal court declines to exercise supplemental jurisdiction over

those claims.  *See* 28 U.S.C. § 1367(d) (West 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.064 (Vernon 2001); *Vale v. Ryan*, 809 S.W.2d 324, 326-27 (Tex. App. 1991).

AFFIRMED.