**Margaret Portz VALE, Appellant,**

v.

**Lanny RYAN and Vernon McKenzie, Appellees.**

**No. 3–90–092–CV.**

Court of Appeals of Texas, Austin.

May 8, 1991.

Marceline Lasater, Austin, for appellant.

James Ludlum, Jr., Ludlum & Ludlum, Austin, for appellees.

Before CARROLL, C.J., and JONES and SMITH, JJ.

JONES, Justice.

Margaret Portz Vale sued Vernon McKenzie, Lanny Ryan, and others for false arrest, false imprisonment, and malicious prosecution. The trial court rendered a take-nothing summary judgment on the ground that the limitations period for Vale's cause of action had expired before she filed suit. Vale appeals, asserting that the trial court erred in granting summary judgment because sixty days had not passed between the dismissal of her identical federal action and the filing of this suit in state court. The issues in this appeal are whether: (1) a federal court's refusal to exercise jurisdiction over pendent state claims constitutes a dismissal for lack of jurisdiction under the Texas "saving statute," Tex.Civ.Prac. & Rem.Code Ann. § 16.064 (1986); and (2) the dismissal here was final for purposes of the same statute on the date of the federal district court's dismissal order. We will reverse the summary judgment and remand the cause.

The facts are undisputed. McKenzie, a Temple police sergeant, had participated in a drug "sting" operation.[1] Apparently as the result of a name error, McKenzie incorrectly testified to a Bell County grand jury that Vale was a known drug offender and had received delivery of controlled substances. After hearing only McKenzie's testimony, the grand jury indicted Vale. She was arrested and jailed on November 17, 1982. The following day McKenzie's misidentification was discovered, and Vale was released.

On June 28, 1984, Vale brought suit in federal court against various defendants, including McKenzie, alleging violations of federal civil rights statutes. Vale also alleged, under the doctrine of federal courts' "pendent jurisdiction," state-law causes of action arising from the same facts. McKenzie was not initially a defendant in the federal suit; Vale filed a motion for leave to add him on November 20, 1984.[2] On August 15, 1985, the federal district court granted McKenzie's motion to dismiss her action as to him on the basis of limitations. However, the court refused to sever Vale's cause against McKenzie from those against the other defendants, effectively preventing the summary judgment in McKenzie's favor from becoming final and appealable. As a result, Vale did not obtain appellate review of the dismissal until 1989, when the United States Court of Appeals for the Fifth Circuit held that the district court should have preserved her pendent state claims for prosecution in state court. *Vale v. Adams*, 885 F.2d 869 (5th Cir.1989). The Fifth Circuit modified the district court's judgment to reflect that, as to McKenzie, the dismissal was "without prejudice." On April 16, 1990, the United States Supreme Court denied certiorari. *Vale v. Cooke*, — U.S. —, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990).

While the federal cause was still wending its way through the federal appellate system, Vale began to seek relief in state court. On October 18, 1985, following the federal district court dismissal but before its disposition on appeal, Vale filed the present state-court suit, asserting the same

---

1. Officer Lanny Ryan is also named as an appellee; however, none of Vale's complaints claim error as to him. Therefore, without further reference to Ryan, we will affirm that portion of the trial court's judgment directing that Vale take nothing against him.

2. Vale contends that, under federal law, once her motion for leave to add McKenzie was granted, his addition to the suit related back to the date she filed the motion, November 20, 1984. We agree. *See Canion v. Randall & Blake*, 817 F.2d 1188 (5th Cir.1987).

state claim she had previously alleged as pendent to her federal action. On August 21, 1986, the state district court granted McKenzie's motion for partial summary judgment on the ground that limitations had run on Vale's state claim. The parties agreed to continue the matter without a final judgment until the Fifth Circuit's disposition of the federal appeal.

Despite the Fifth Circuit's holding that Vale's pendent state claim should have been dismissed as a matter of judicial discretion, and without prejudice to its being refiled in state court, the state court refused to reconsider its earlier summary-judgment ruling. On February 23, 1990, the state district court severed the summary judgment in McKenzie's favor from the remainder of the state suit, allowing it to become final. Vale appeals from this judgment.

McKenzie obtained his summary judgment in state court by asserting the defense of limitations, arguing that Vale had filed her suit more than two years after the events giving rise to her cause of action. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (1986). In response, Vale invoked a state tolling statute. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.063 (1986). McKenzie had been out of the state for at least three days during the limitations period. Therefore, Vale contended, the statute of limitations was tolled for the days of his absence. Consequently, her state-court lawsuit, which "related back" to the date she filed her motion for leave to add McKenzie in the federal suit, was timely filed.[3]

█ A summary-judgment movant has the burden to show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant claiming entitlement to summary judgment on limitations grounds must, therefore, show that there is no genuine issue of material fact on his defense of limitations in order to obtain a summary

judgment. Once a plaintiff has asserted the applicability of a tolling provision, the moving defendant bears the burden of showing its inapplicability as a matter of law. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *Hill v. Milani*, 678 S.W.2d 203, 204 (Tex.App.1984), aff'd, 686 S.W.2d 610 (Tex.1985).

█ Vale asserts that the trial court incorrectly interpreted a portion of the saving statute, section 16.064, and erroneously concluded that her limitations period had expired before she filed suit. Section 16.-064 and its predecessor statute, 1931 Tex. Gen.Laws, ch. 81, § 1, at 124 [Tex.Rev.Civ. Stat. art. 5539a, since amended and codified], were designed to protect litigants from the running of limitations in certain circumstances. Section 16.064 provides:

> The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
> (1) because of *lack of jurisdiction* in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
>
> (2) not later than the 60th day after the date the dismissal or other disposition *becomes final*, the action is commenced in a court of proper jurisdiction.

(Emphasis added.) These tolling provisions are remedial in nature and are to be liberally construed. *Republic Nat'l Bank v. Rogers*, 575 S.W.2d 643, 647 (Tex.Civ.App.1978, writ ref'd n.r.e.).

█ First, McKenzie asserts that section 16.064 does not apply because the federal court dismissed appellant's state claims "as a matter of judicial discretion," rather than for "lack of jurisdiction" as required by the statute. This distinction, he argues, removes Vale's state claims from the umbrella of the saving statute's protection. We disagree.

---

**3.** At oral argument, counsel for McKenzie conceded that the record raised a fact issue that his client had been absent from the state for the three days in question; therefore, we consider the matter to have been admitted for purposes of this decision.

■ When state and federal claims arise from a common nucleus of operative facts, a federal court may hear and determine the state claims as well as the federal ones by exercising its pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). However, the federal court's *power* to hear a pendent state claim does not create for the plaintiff a *right* to federal-court disposition of such state-law claims. The federal court, in its discretion, may decline to hear pendent state claims based on "considerations of judicial economy, convenience and fairness to litigants." *Id.* at 726, 86 S.Ct. at 1139. The first question, then, is whether such a dismissal constitutes a dismissal for "lack of jurisdiction" within the meaning of section 16.064.

One commentator has observed that the saving statute "applies whether the dismissed action was filed in the state or the federal court, and whether the dismissal is one for want of jurisdiction of the subject matter or one based upon the *impropriety of exercising jurisdiction in a particular action*." 4 McDonald, *Texas Civil Practice* § 17.20, at 123 (rev. ed. 1984) (emphasis added); *see also* Annotation, *Statute Permitting New Action after Failure of Original Action Commenced within Period of Limitation, as Applicable in Cases Where Original Action Failed for Lack of Jurisdiction*, 6 A.L.R.3d 1043 (1966).

This Court has previously held the tolling provision to apply in cases like the present one. In *Burford v. Sun Oil Co.*, 186 S.W.2d 306 (Tex.Civ.App.1944, writ ref'd w.o.m.), this Court considered whether the predecessor to section 16.064 applied to toll limitations in circumstances almost identical to those in the present cause. In concluding that the saving statute applied, this Court stated in *Burford* that

the governing factor in determining whether [the saving statute] applies, is the same in any event—appellees were denied the right to litigate their suit as to state law issues in the federal court be-

cause the state courts afforded the appropriate remedy. The effect of the order as one of dismissal for want of jurisdiction cannot be obviated by means of nomenclature. And this is true in the instant case regardless of the distinction in a proper case between want of jurisdiction and refusal to exercise it.

186 S.W.2d at 318. We believe, as did the court in *Burford*, that a litigant who chooses the federal forum in good faith should not suffer a penalty merely for having made that selection. *Id.* at 309. We conclude that, for purposes of the applicability of section 16.064, a federal court's refusal to exercise jurisdiction over a pendent state claim is tantamount to a dismissal for lack of jurisdiction.

■ McKenzie also contends that Vale did not file her state court action within sixty days of the federal district court's dismissal. Therefore, he argues, she cannot avail herself of the saving statute because she has not satisfied the second requirement of section 16.064. We disagree.

Until September 6, 1989, when the Fifth Circuit ruled that the federal district court's dismissal of the pendent state claims should have been discretionary rather than on the merits, Vale did not have a cause to which the saving statute could apply. Therefore, the earliest date from which the sixty-day period could begin to run was September 6, 1989. Vale filed her cause in state district court on October 18, 1985, well before the date of the Fifth Circuit's opinion. Therefore, she has met the saving statute's second requirement.[4]

We conclude that the saving statute applied to toll limitations during the pendency of Vale's federal suit. Consequently, we sustain her first point of error. Because of our disposition of Vale's first point, it is unnecessary for us to address her remaining points. That portion of the cause relating to appellee Lanny Ryan is severed, and the judgment is affirmed as to him. We reverse the summary judgment in McKenzie's favor and remand that portion of the

---

**4.** We do not address the question of when a disposition becomes final for purposes of section 16.064 where, for example, a district-court dismissal for lack of jurisdiction is later *affirmed* on appeal.

cause to the trial court for further proceedings.