**OSCAR RENDA CONTRACTING, INC., Appellant,**

v.

**H & S SUPPLY COMPANY, INC., Appellee.**

No. 10–05–00059–CV.

Court of Appeals of Texas, Waco.

May 31, 2006.

Brian W. Erikson and Eric A. Zukoski, Quilling, Selander Cummiskey & Lownds, Dallas, for appellant.

Wayne Watson, Wagstaff & Watson, Abilene, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### OPINION

FELIPE REYNA, Justice.

This appeal requires us to decide when a judgment of dismissal "becomes final" for purposes of section 16.064 of the Civil Practice and Remedies Code. We will conclude that such a judgment becomes final for purposes of this statute when it disposes of all issues and parties in the

case and the court's power to alter the judgment has ended. Here, because Oscar Renda Contracting, Inc. filed suit within sixty days after a prior judgment of dismissal became final, we will reverse and remand.

## Background

H & S Supply Company filed suit against Renda to collect on a sworn account of about $80,000. Renda filed several counterclaims. A jury found in favor of both parties, finding that H & S was entitled to $81,776 on its claim and that Renda was entitled to $117,500 on its counterclaims. Thus, the trial court rendered judgment in Renda's favor for the difference.

The Fort Worth Court of Appeals reversed the judgment in favor of Renda and rendered a judgment of dismissal for want of jurisdiction because Renda's counterclaims exceeded the jurisdictional limits of the trial court.[1]

Renda reurged its counterclaims in a new suit filed sixty-eight days after the Fort Worth Court issued its opinion. In this new suit, the trial court granted H & S's summary judgment motion premised on H & S's contention that Renda's suit was barred by limitations.

Renda contends in three issues that summary judgment was improper because: (1) its new suit was filed within six months after the appellate court's judgment of dismissal as permitted by section 2.725(c) of the Business and Commerce Code; (2) its new suit was filed within sixty days after the judgment of dismissal "became final" as permitted by section 16.064(a); and (3) genuine issues of fact remain on the questions of whether each of Renda's claims accrued more than four years before Renda refiled suit and whether the discovery rule applies to any of Renda's claims.

## Section 16.064(a)

■ Renda contends in its second issue that its suit is not barred by limitations because the judgment of dismissal in the first suit did not became final for purposes of section 16.064(a) until the appellate court's plenary power expired or until its mandate issued. H & S responds that Renda's new suit is untimely because the judgment of dismissal became final on the date the appellate court issued its opinion.

Section 16.064(a) provides:

(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

(2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.064(a) (Vernon 1997).

It is undisputed that Renda filed the second suit sixty-eight days after the appellate court issued its opinion and judgment dismissing Renda's counterclaims in the first suit for want of jurisdiction. The question presented is whether the appellate court's judgment "became final" on the date of issuance, when the appellate

---

**1.** *See H & S Supply Co. v. Oscar Renda Contracting, Inc.*, No. 02–02–00093–CV, 2003 WL 1897584, at * 3, 2003 Tex.App. LEXIS 3377, at *9 (Tex.App.-Fort Worth Apr. 17, 2003, no pet.) (mem.op.) (per curiam).

court's plenary power expired, or when the appellate court issued its mandate.

The parties have been unable to cite any particular case addressing what it means for a judgment to "become final" for purposes of section 16.064, nor has our research disclosed such a case.

The vast majority of decisions under section 16.064 and its predecessor (article 5539a)[2] have treated the date of signing of the prior judgment of dismissal as the date on which the 60–day period for refiling begins to run. *See, e.g., Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 181 (Tex.1970); *Winston v. Am. Med. Int'l, Inc.*, 930 S.W.2d 945, 953–54 (Tex.App.-Houston [1st Dist.] 1996, no writ); *Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex.App.-Austin 1991, no writ); *Republic Nat'l Bank v. Rogers*, 575 S.W.2d 643, 645 (Tex.Civ.App.-Waco 1978, writ ref'd n.r.e.).[3] The Austin Court expressly declined to address the issue of when a judgment "becomes final" for purposes of section 16.064. *See Vale*, 809 S.W.2d at 327 n. 4.

However, in one decision very similar to Renda's case, the judgment of dismissal was initially rendered by the appellate court. *See Allright, Inc. v. Guy*, 590 S.W.2d 734, 735–36 (Tex.Civ.App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.). The plaintiff then filed the suit in another court. The defendant claimed on appeal from an adverse judgment in the re-filed suit that the plaintiff's claim was barred by limitations. *See Allright, Inc. v. Guy*, 696 S.W.2d 603, 605 (Tex.App.-Houston [14th Dist.] 1985, no writ). The Fourteenth Court rejected this contention, observing that the prior dismissal "was finally disposed of" on the date the Supreme Court refused the writ of error, which was the same date on which the plaintiff re-filed suit. *Id.*

*Allright* most closely supports Renda's position that the appellate court's judgment of dismissal does not become final until the court's plenary power expires. When *Allright* was decided, an appellate court's plenary power did not expire until the end of the term during which the judgment was rendered (*i.e.*, the end of the calendar year[4]), unless an application for writ of error was filed with the Supreme Court. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 702 (Tex.1990) (orig.proceeding); *Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 78 (Tex.App.-San Antonio 1996, writ denied). If a writ application was denied by the Supreme Court, the intermediate appellate court had no power to alter its judgment thereafter. *See Humble Exploration Co. v. Browning*, 690

---

**2.** Article 5539a provided:

When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction.

Act approved Apr. 27, 1931, 42d Leg., R.S., ch. 81, § 1, 1931 Tex. Gen. Laws 124, 124 (repealed 1985) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 16.064 (Vernon 1997)).

**3.** The prior suit in *Republic National Bank v. Rogers* had been filed in federal court. *See Groves v. Rogers*, 547 F.2d 898 (5th Cir.1977) (per curiam).

**4.** *See* Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 34, 1981 Tex. Gen. Laws 761, 779 (repealed 1985) (current version at TEX. GOV'T CODE ANN. § 22.218 (Vernon 2004)).

S.W.2d 321, 324 (Tex.App.-Dallas 1985, no writ).

Thus, in *Allright*, the judgment clearly "became final" after the Supreme Court denied the application for writ of error.[5] *Id.* Nevertheless, *Allright* does not provide a clear rule for determining when a judgment of dismissal becomes final for purposes of section 16.064. Therefore, we look to the Supreme Court's decisions regarding finality of judgments for further guidance.

As the Supreme Court has recently observed, "the term 'final,' as applied to judgments, has more than one meaning." *Sultan v. Mathew*, 178 S.W.3d 747, 751 (Tex.2005) (quoting *Street v. Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex.1988) (orig.proceeding)).

> The term 'final judgment' applies differently in different contexts. A judgment is 'final' for purposes of appellate jurisdiction if it disposes of all issues and parties in a case. The term 'final judgment' is also used with reference to the time when trial or appellate court power to alter the judgment ends, or when the judgment becomes operative for the purposes of res judicata.

*Id.* (quoting *Street*, 756 S.W.2d at 301) (quoting *McWilliams v. McWilliams*, 531 S.W.2d 392, 393–94 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ) (citations omitted)).

In *Street*, the Court established a new rule for determining when a judgment against an insured becomes final for purposes of bringing a subsequent *Stowers* action[6] against an insurer. 756 S.W.2d at 301. The Court held "that a judgment is final for the purposes of bringing a *Stowers* action if it disposes of all issues and parties in the case, the trial court's power to alter the judgment has ended, and execution on the judgment, if appealed, has not been superseded." *Id.; accord In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d 793, 795 (Tex.App.-Beaumont 2003, orig. proceeding); *Gulf Ins. Co. v. Clarke*, 902 S.W.2d 156, 159 (Tex.App.-Houston [1st Dist.] 1995, writ denied).

To understand the Supreme Court's rationale for adopting the rule it did in *Street*, one must step back two years to the Court's decision in *Scurlock Oil Co. v. Smithwick*. *See Gulf Ins. Co.*, 902 S.W.2d at 159 (citing *Scurlock Oil*, 724 S.W.2d 1, 6 (Tex.1986)). In what has been characterized as a "landmark case,"[7] the Supreme Court adopted section 13 of the Restatement (Second) of Judgments for determining whether a judgment retains its preclusive effect for purposes of *res judicata* and collateral estoppel if it is appealed. *Scurlock Oil*, 724 S.W.2d at 6; *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. f (1982).[8]

---

**5.** Although the judgment was presumptively final when the Supreme Court denied the application for writ of error, it arguably was not yet final because the Supreme Court still had jurisdiction to entertain a motion for rehearing for an additional 15 days. *See* TEX.R. CIV. P. 515, 599–600 (Tex.Cases) lxxiii (Tex. 1980, repealed 1986) (current version at TEX. R.APP. P. 64.1).

**6.** *See G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App.1929, holding approved).

**7.** The Fort Worth Court also characterized *Scurlock Oil* in this fashion. *See Am. Gen. Fire & Cas. Co. v. Schattman*, 761 S.W.2d 582, 587 (Tex.App.-Fort Worth 1988, no writ). The case is a "landmark case" because it overruled nearly a century's worth of precedent on this issue. *See Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex.1986) (overruling *Tex. Trunk R.R. Co. v. Jackson*, 85 Tex. 605, 22 S.W. 1030 (1893)).

**8.** Comment f provides in pertinent part:
   There have been differences of opinion about whether, or in what circumstances, a

In *Scurlock Oil*, the Court decided to adopt the Restatement on this issue because under the then-extant rule,

> until all avenues of appeal have been exhausted, the victor in the first suit has little incentive to go to trial in a subsequent suit, and the first suit loser has every reason to procrastinate on appeal. Moreover, the waste of judicial time in relitigating already decided issues is apparent.

*Scurlock Oil*, 724 S.W.2d at 6. Thus, the Court concluded "that a judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.'" *Id.* (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. f).

Two years later, the Court "logically extended" the *Scurlock* principle to *Stowers* claims. *See Gulf Ins. Co.*, 902 S.W.2d at 159 (citing *Street*, 756 S.W.2d at 300–01; *Scurlock Oil*, 724 S.W.2d at 6). We can conceive no logical basis why this principle should not be extended to section 16.064 as well.

The Supreme Court has clearly explained that a judgment "becomes final" at different times for different purposes. *Sultan*, 178 S.W.3d at 751 (citing *Street*, 756 S.W.2d at 301). One purpose for determining when a judgment has become final is to determine when a party must perfect an appeal. *Id.* Other purposes for determining when a judgment has become final, are to determine "when trial or appellate court power to alter the judgment ends, or when the judgment becomes operative for the purposes of res judicata." *Id.* (quoting *Street*, 756 S.W.2d at 301). This latter purpose is most applicable to the present case.

Section 16.064 establishes a time limit within which a suit must be refiled to suspend the statute of limitations. In a similar manner, the Supreme Court determined in *Street* when the statute of limitations begins to run on a *Stowers* claim after the insured has suffered an adverse judgment. Therefore, we will apply a rule similar to that announced in *Street* to determine when a judgment of dismissal has "become final" for purposes of section 16.064.

## Conclusion

■ A judgment of dismissal becomes final for purposes of section 16.064 when it disposes of all issues and parties in the case and the court's power to alter the judgment has ended.[9] *See Street*, 756 S.W.2d at 301.

Here, the Fort Worth Court's plenary power over its judgment of dismissal expired on June 16, 2003. *See* TEX.R.APP. P. 19.1(a). Renda re-filed its suit eight days

judgment can be considered final for purposes of res judicata when proceedings have been taken to reverse or modify it by appeal. The better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo; finality is not affected by the fact that the taking of the appeal operates automatically as a stay or supersedeas of the judgment appealed from that prevents its execution or enforcement, or by the fact that the appellant has actually obtained a stay or supersedeas pending appeal.

RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. f (1982).

9. In *Street*, the Supreme Court also addressed the effect of an appeal on the finality of a judgment for purposes of a subsequent *Stowers* action. *See Street v. Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex.1988) (orig.proceeding). Here, however, no "appeal" was pursued to the Supreme Court from the Fort Worth Court's judgment of dismissal. Therefore, we do not address the issue of what effect, if any, an appeal would have on the finality of a judgment of dismissal for purposes of section 16.064.

later. Therefore, the statutes of limitations for Renda's claims were suspended between the time it filed its counterclaims in the first suit and the time it filed its second suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.064(a). Accordingly, we sustain Renda's second issue and do not reach its remaining issues.

We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

Chief Justice GRAY concurs only in the judgment, noting that the discussion and conclusion announce a rule much broader than is necessary to decide the issue presented to this Court. For that reason, I cannot join the opinion, but I concur in the judgment reversing and remanding the case to the trial court for further proceedings.