In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00420-CV
_____

**TRACEY DENBY, Appellant**

**V.**

**JOSEPH HERMAN AND BEAUMONT INDEPENDENT SCHOOL DISTRICT, Appellees**

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. E-201,324**

**MEMORANDUM OPINION**

Appellant Tracey Denby appeals from the trial court's order granting the plea to the jurisdiction filed by appellees, Joseph Herman and Beaumont Independent School District ("BISD"). We affirm the trial court's order granting the plea to the jurisdiction.

1

## BACKGROUND

Herman filed suit against Denby, seeking damages for injuries Herman allegedly sustained when the vehicle Herman was driving collided with Denby's vehicle on March 16, 2016. Denby filed a counterclaim and cross-claim, in which he added BISD as a party and asserted that at the time of the collision, Herman was acting in the course and scope of his employment with BISD. Denby pleaded that BISD "is a governmental entity of the State of Texas," and that Herman and BISD "had actual notice of the potential for litigation" because Herman "a participant" in the collision and BISD "knew or should have known of the collision and potential liability[.]" Denby alleged that BISD was the owner or lessor of the vehicle Herman was driving, and that as BISD's employee, Herman was "mandated by [BISD] to operate under the rules, instructions[,] and guidance of [BISD], the municipal ordinances of the City of Beaumont, Texas[,] and the laws of the State of Texas." Denby pleaded that Herman negligently operated the vehicle, and that BISD was vicariously liable for Denby's negligence and for its alleged failure to properly instruct, supervise, and train Herman. According to Denby, Herman and BISD "had actual notice of the potential for litigation" under the provisions of the Texas Tort Claims Act ("TTCA").

BISD and Herman jointly filed a plea to the jurisdiction, in which they asserted that (1) Herman should be dismissed from the lawsuit under the doctrine of official immunity because BISD had been joined as a party, and (2) all claims should be dismissed because Denby had failed to give notice of his claim within six months of the incident giving rise to the claim. Attached to the plea as an exhibit was a copy of the notice provided by Denby, which was dated March 9, 2017. The notice, which was authored by Denby's counsel, was addressed to BISD's superintendent, and stated that it was placing BISD on notice that counsel represented Denby regarding a collision that occurred between Denby and Herman on March 16, 2016, which allegedly caused property damages and personal injuries to Denby.

The trial court signed an order granting the plea to the jurisdiction. In its order, the trial court found that Denby could not sustain claims against both Herman and BISD regarding the same subject matter, and that Denby failed to provide the required notice of his claim to BISD and failed to establish that BISD had actual notice of his claims. Denby filed this appeal.

DENBY'S ISSUES

In three issues, Denby argues that the trial court erred by granting the plea to the jurisdiction because (1) Herman was the original plaintiff who invoked the District Court's jurisdiction, and Herman "filed his lawsuit prior to the date of

3

limitations[]" and Denby was therefore not required to provide notice, (2) BISD had actual notice, and (3) the trial court granted the plea to the jurisdiction "as a sanction for failing to provide written notice" and should have instead ameliorated the "harshness of dismissal" by allowing the lawsuit to proceed but ordering Denby's counsel to take no fee. Citing *Oscar Renda Contracting, Inc. v. H & S Supply Company, Inc.*, 195 S.W.3d 772 (Tex. App.—Waco 2006, pet. denied) and *In re Happy State Bank*, No. 02-17-00453-CV, 2018 WL 1918217 (Tex. App.—Fort Worth Apr. 23, 2018, orig. proceeding) (mem. op.), Denby maintains that an employee "should not be allowed to escape a lawsuit that he started."

A plea to the jurisdiction challenges the trial court's authority to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000). We review the trial court's ruling on a plea to the jurisdiction *de novo*. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The TTCA provides that a governmental unit is liable for property damage and personal injury caused by the wrongful act, omission, or negligence of an employee acting within the scope of his employment if the alleged damages or injuries arise from the operation or use of a motor-driven vehicle and the employee would be personally liable to the claimant under Texas law. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1).

The TTCA requires a plaintiff to give the governmental unit formal notice that "reasonably describe[s]: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident" no later than six months after the day the incident giving rise to the claim occurred. *Id.* § 101.101(a). The notice provisions are jurisdictional. Tex. Gov't Code Ann. § 311.034. The notice provisions do not apply if the City has actual notice of the claimant's injury or property damage. Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c). The existence of actual notice may be determined as a matter of law when the pertinent facts are undisputed, but it is a question of fact when the evidence is disputed. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 549 (Tex. 2010); *Tex. Dept. of Crim. Justice v. Simons*, 140 S.W.3d 338, 348 (Tex. 2004). For a governmental unit to have actual notice, the governmental unit must have (1) knowledge of an injury or property damage, (2) knowledge of the governmental unit's alleged fault producing or contributing to the injury or damage, and (3) the identity of the parties involved. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). The required knowledge includes the governmental unit's "subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury." *Simons*, 140 S.W.3d at 347; *see also City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018). "A suit against a governmental employee in an official capacity is

5

effectively a suit against the employing governmental unit[.]" *Garza v. Harrison*, 574 S.W.3d 389, 399 (Tex. 2019). When a party sues both the governmental unit and its employee, the employee must be immediately dismissed upon the filing of a motion by the governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). Section 101.106 requires a claimant to choose between suing the governmental unit under the TTCA and suing an employee in his individual capacity. *Garza*, 574 S.W.3d at 399.

The peace officer's crash report, which is contained in the clerk's record, reflects that the collision giving rise to the claims occurred on March 16, 2016, and the report indicates that Denby disregarded a red light, entered the intersection, and was struck by the vehicle Herman was driving. The record reflects that the litigation began as a suit filed by Herman against Denby on February 15, 2018, and on March 14, 2018, Denby filed a counter-claim and cross-claim, in which he named Herman as a counter-defendant and added BISD as a cross-defendant.

As discussed above, for BISD to have had actual notice, BISD had to have been subjectively aware that Denby alleged BISD produced or contributed to Denby's injury. *See Simons*, 140 S.W.3d at 347; *see also Tenorio*, 543 S.W.3d at 776. On this record, we conclude that the filing of a lawsuit against Denby by Herman for Denby's alleged negligence in disregarding a red light and striking the

6

vehicle Herman was driving did not provide BISD with actual notice of Denby's claims. *See Simons*, 140 S.W.3d at 347; *see also Tenorio*, 543 S.W.3d at 776. In addition, the record reflects that Denby did not provide written notice to BISD until March 9, 2017, which was more than six months after the collision occurred. Therefore, Denby's notice to BISD was untimely under the TTCA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a). When Denby added BISD as a cross-defendant, dismissal of Herman upon BISD's filing of the plea to the jurisdiction was mandatory. *See id*. § 101.106(e); *Garza*, 574 S.W.3d at 399. Lastly, nothing in the record indicates that the trial court's ruling on the plea to the jurisdiction constituted a sanction against Denby. Rather, the trial court simply applied the notice provisions of the TTCA, which are jurisdictional. *See* Tex. Gov't Code Ann. § 311.034; Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a), (c).

In *Oscar Renda Contracting*, which Denby cites as support for his argument that the trial court should have allowed his suit to go forward and should not have allowed Herman immunity, the Waco Court of Appeals addressed the issue of when a judgment of dismissal becomes final under section 16.064 of the Texas Civil Practice and Remedies Code. *Oscar Renda Contracting*, 195 S.W.3d at 772-73. *Oscar Renda Contracting* did not involve the TTCA, and it does not stand for the proposition for which Denby cites it. *See id*. at 773-77. Additionally, Denby's

citation of *In re Happy State Bank* is likewise unavailing. *In re Happy State Bank* involved an issue of dominant jurisdiction and venue regarding suits pending in two counties, and it neither involves the TTCA nor stands for the proposition for which Denby cites it. *See In re Happy State Bank*, 2018 WL 1918217, at *1-8. For all of these reasons, we overrule issues one, two, and three and affirm the trial court's order granting the plea to the jurisdiction filed by Herman and BISD.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 2, 2019
Opinion Delivered January 23, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.