# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 25, 2023

Lyle W. Cayce
Clerk

_____

No. 22-20317

_____

Lee Marvin Sanders; Matthew Sodrok,

*Plaintiffs—Appellants*,

*versus*

The Boeing Company; Kidde Technologies, Incorporated; Jamco America, Incorporated,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-4042

_____

Before Elrod, Ho, and Wilson, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:

This case concerns the interpretation of a Texas statute that tolls the applicable statute of limitations where a prior petition is dismissed due to "lack of jurisdiction" and refiled in a court of "proper jurisdiction" within sixty days after the prior judgment "becomes final." Tex. Civ. Prac. & Rem. Code § 16.064. Plaintiffs are flight attendants who sustained injuries in connection with their employment by United Airlines. They filed claims in the Northern District of Texas, but the district court dismissed them because the flight attendants failed to adequately plead diversity jurisdiction. This was

No. 22-20317

despite the fact that the parties agree that the flight attendants *could have* invoked the district court's jurisdiction if they had included the proper allegations. The flight attendants appealed and this court affirmed. They filed the instant case shortly after. The district court dismissed the claims as barred by the statute of limitations.

This appeal presents two primary questions, both of which concern the interpretation of the jurisdiction savings statute. First, Defendants maintain that the statute requires that the prior lawsuit be filed in the "wrong court"—and that the flight attendants fail this requirement because the Northern District of Texas was not the wrong court. And second, Defendants argue that the flight attendants waited too long to refile their claims because the deadline began when the district court entered judgment, not when this court affirmed that judgment.

We cannot make a reliable *Erie* guess on these important matters of state law. Accordingly, we CERTIFY two questions to the Supreme Court of Texas, as explained below.

I

As introduced above, this case involves personal injuries sustained by Plaintiffs Lee Marvin Sanders and Matthew Sodrok. At the time of their injuries, Plaintiffs were employed as flight attendants by United Airlines. They allege that a smoke detector improperly activated during a flight they staffed; no fire or smoke was present. The flight at issue departed on January 8, 2017, via a Boeing 737-824 aircraft. According to the flight attendants' complaint, the smoke detector sounded much more loudly than necessary. Indeed, the flight attendants' ear drums burst, their ears bled, and they sustained permanent hearing damage.

Almost two years later, the flight attendants filed a federal lawsuit in Houston. Compl., *Sanders v. The Boeing Co.*, No. 4:18-CV-4248 (S.D. Tex.

No. 22-20317

Nov. 8, 2018), ECF 1.  They voluntarily dismissed shortly after.

The flight attendants filed their next federal lawsuit in Dallas.  Compl., *Sanders v. Boeing Co.*, No. 3:18-CV-3165 (N.D. Tex. Nov. 29, 2018), ECF 1.  After conducting discovery to determine which entities to sue, they filed an amended complaint, naming three defendants: The Boeing Company, Kidde Technologies, Inc., and Jamco America, Inc.  The flight attendants alleged that Boeing manufactured the airplane at issue, and that Kidde and Jamco provided parts and maintenance for the detector.

Defendants moved to dismiss, asserting that the flight attendants failed to establish the existence of diversity jurisdiction.  In response, the district court ordered the flight attendants to refile their complaint to address several deficiencies.  Order, *Sanders v. Boeing Co.*, No. 3:18-CV-3165 (N.D. Tex. July 21, 2020), ECF 88.  Among other things, the order specified how Plaintiffs could plead facts showing diversity jurisdiction:

> Plaintiffs only allege that they—individuals—reside in Harris County, Texas but do not specify where they are domiciled.  As such, plaintiffs do not properly allege their own citizenship.  Plaintiffs further allege that Boeing is a domestic corporation doing business in Texas, Kidde Technologies is a foreign corporation doing business in Texas, and that Jamco is a corporation doing business in the United States.  Plaintiffs do not allege these corporations' states of incorporation or principal places of business and so do not adequately allege the citizenship of any of the defendants. . . . Plaintiffs must therefore adequately allege the citizenship of each party.

*Id.* at 2.  The flight attendants failed, however, to make those changes upon filing an amended complaint.  The district court *sua sponte* dismissed the complaint for lack of jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to comply with a court order, *id.* R. 41(b).

The flight attendants appealed and this court affirmed.  *Sanders v.*

No. 22-20317

*Boeing Co.*, No. 20-10882, 2021 WL 3412509 (5th Cir. Aug. 4, 2021).  We explained that the flight attendants failed to plead facts showing the parties' citizenship, and that the district court had afforded them ample opportunity to do so. *Id.* at *2–3.

Thereafter, the flight attendants filed their third lawsuit, again in Houston, but this time in state court.  Orig. Pet., *Sanders v. Boeing Co.*, No. 2021-74036 (198th Dist. Ct., Harris County, Tex. Nov. 10, 2021).  Defendants removed, citing diversity jurisdiction.  Notice, *Sanders v. Boeing Co.*, No. 4:21-CV-4042 (S.D. Tex. Dec. 13, 2021), ECF 1.  They then moved to dismiss on the ground that the two-year statute of limitations had run.

The flight attendants defended against the motions by pointing to Section 16.064 of the Texas Civil Practice and Remedies Code—a jurisdiction savings statute they say tolled the statute of limitations while they pursued their lawsuit in the Northern District of Texas.  The statute applies where a prior complaint is dismissed for "lack of jurisdiction":

> (a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
>> (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
>>
>> (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
>
> (b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

Tex. Civ. Prac. & Rem. Code § 16.064.

4

No. 22-20317

Their previous case, the flight attendants contended, was dismissed for lack of jurisdiction. And they filed the new action less than sixty days after this court affirmed the district court's judgment and denied their petition for rehearing *en banc*. Therefore, the flight attendants concluded, the savings statute applies and their claims are timely.

The district court disagreed and dismissed the complaint. *Sanders v. Boeing Co.*, No. 4:21-CV-4042, 2022 WL 2349155 (S.D. Tex. June 1, 2022). It cited a non-precedential decision from this court for the proposition that the savings statute applies only where the plaintiff files the previous action in the "wrong court." *Agenbroad v. McEntire*, 595 F. Appx. 383, 387 (5th Cir. 2014). Here, the flight attendants did not file in the wrong court. They filed in a court of "proper jurisdiction," Texas Civil Practice & Remedies Code § 16.064(a)(2), but failed to *invoke* that jurisdiction by pleading facts demonstrating diversity jurisdiction. For that reason, the district court held that the savings statute did not apply and the statute of limitations barred the flight attendants' claims. The flight attendants timely appealed.

II

The primary question presented is whether the jurisdiction savings statute applies to these facts. The answer to that question is "yes" only if two necessary conditions obtain. First, the prior lawsuit must have been dismissed "because of lack of jurisdiction." Tex. Civ. Prac. & Rem. Code § 16.064(a)(1). Here, Defendants maintain that a plaintiff must have filed the prior lawsuit in the "wrong court" to satisfy the condition. And second, the flight attendants must have filed the new lawsuit within sixty days of when the prior judgment became final. *Id.* § 16.064(a)(2). We must make an *Erie* guess as to both conditions because the Supreme Court of Texas has not addressed either one. In conducting that analysis, we consider reasoning and dicta from related decisions of the Supreme Court of Texas as well as

5

No. 22-20317

analogous opinions by the intermediate courts of appeals. *American Int'l Specialty Lines Inc. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010).

As explained below, there is no controlling Supreme Court of Texas precedent on either point, and other relevant authorities do not clarify the questions. The unsettled state of the law raises the question of whether we should certify these issues for consideration by the state court of last resort. The Texas Rules of Appellate Procedure authorize the Supreme Court of Texas to "answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent." Tex. R. App. P. 58.1. The issues presented here satisfy those preconditions. In addition, this court considers three factors in deciding whether to certify:

1) [T]he closeness of the question and the existence of sufficient sources of state law;

2) [T]he degree to which considerations of comity are relevant in light of the particular issue and case to be decided; and

3) [P]ractical limitations on the certification process: significant delay and possible inability to frame the issue so as to produce a helpful response on the part of the state court.

*In re Gabriel Inv. Grp.*, 24 F.4th 503, 507 (5th Cir. 2022); *see also Austin v. Kroger Texas LP*, 746 F.3d 191, 196 (5th Cir. 2014). As explained below, the circumstances here strongly support certification.

A

1

As an initial matter, Texas law is genuinely unsettled as to each issue. The first question is whether the savings statute applies even though the flight attendants could have pleaded diversity jurisdiction before the Northern District of Texas. That is, whether Texas law recognizes a "wrong

court" requirement for purposes of the savings statute. True, this court held in an unpublished opinion that the answer was "yes." *Agenbroad v. McEntire*, 595 F. Appx. 383, 389 (5th Cir. 2014). But that case also appears to conflict with our prior opinion in *Griffen v. Big Spring ISD*, which addressed the savings statute's predecessor. 706 F.2d 645, 651 (5th Cir. 1983) ("The text of the article does not mention 'wrong court.' It speaks of 'a want of jurisdiction.' Thus, the legislature appears to have thought the wrong court was one that wanted jurisdiction."). In any event, decisions after *Agenbroad* have not brought any clarity to the matter, if it was ever sufficiently clear to begin with.

The parties agree that the Supreme Court of Texas has not answered the question. And although dicta from that court addresses the general subject of the savings statute, none of it significantly bears on this issue. *See Draughon v. Johnson*, 631 S.W.3d 81, 91 (Tex. 2021) (clarifying the burden of proof as it relates to the statute of limitations); *In re United Services Auto. Assn.*, 307 S.W.3d 299, 311–12 (Tex. 2010) (discussing the savings statute's legislative history); *City of DeSoto v. White*, 288 S.W.3d 389, 401 (Tex. 2009) (comparing the savings statute to election-of-remedies provisions).

Next, the Texas courts of appeals are decidedly mixed. *Compare Clary Corp. v. Smith*, 949 S.W.2d 452, 461 (Tex. App.—Fort Worth 1997, pet. denied) (adopting the "wrong court" requirement), *with Brown v. Fullenweider*, 135 S.W.3d 340, 345 (Tex. App.—Texarkana 2004, pet. denied) (rejecting the requirement). Moreover, decisions after *Agenbroad* have taken a flexible approach to interpreting the savings statute, instead of "requir[ing] literal adherence to [section] 16.064's requirements." *Triple P.G. Sand Dev., LLC v. Del Pino*, 649 S.W.3d 682, 693 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (citation and internal quotation marks omitted) (applying the savings statute where the prior district court struck the plaintiff's complaint in intervention even though that is not traditionally understood to be a dismissal for lack of jurisdiction); *see also Integrity Glob. Sec., LLC v. Dell Mktg. LP*, 579

S.W.3d 577 (Tex. App.—Austin 2019, pet. granted), *judgment set aside by agreement* (Feb. 26, 2021) (applying the savings statute where the prior district court dismissed the plaintiff's complaint for lack of diversity jurisdiction even though the dismissal was due to the plaintiff's "mistake as to federal jurisdiction").

In summary, the relevant Texas authorities do not lead us to a definite answer. As such, "any *Erie* guess would involve more divining than discerning." *McMillan v. Amazon.com, Inc.*, 983 F.3d 194, 202 (5th Cir. 2020). Said another way, certification is appropriate where "no decision gives enough guidance." *Fire Prot. Servs., Inc. v. Survitec Survival Prods., Inc.*, 18 F.4th 802, 804 (5th Cir. 2021); *see also Sawyer v. EI DuPont de Numours & Co.*, 689 F.3d 463, 467–68 (5th Cir. 2012) (certification warranted where intermediate courts of appeals are divided). That is precisely the case here.

2

The second question is whether the flight attendants have satisfied the refiling condition. That is, whether they commenced a new action "in a court of proper jurisdiction" within sixty days "after the date the dismissal" of the prior action "bec[ame] final." Tex. Civ. Prac. & Rem. Code § 16.064(a)(2).

The flight attendants did not file the instant lawsuit until after this court affirmed the district court's judgment in the previous appeal. The question, then, is when the judgment became final for purposes of Texas law. If the answer is "when the district court entered judgment," then the savings statute does not apply. But if the answer is "when this court denied the flight attendants' petition for rehearing *en banc*," then the flight attendants have satisfied the refiling condition.

As with the first issue, the Supreme Court of Texas has not addressed this question. But it has explained that Texas courts "assess a judgment's finality differently, depending upon the context." *Long v. Castle Texas Prod.*

*LP*, 426 S.W.3d 73, 78 (Tex. 2014). It is likewise uncontroversial that Texas courts construe the filing requirement "liberally" because "tolling provisions are remedial in nature." *Reagan Natl. Advert. of Austin, Inc. v. City of Austin*, 498 S.W.3d 236, 243 (Tex. App.—Austin 2016, pet. denied) (quoting *Vale v. Ryan*, 809 S.W.2d 324, 326 (Tex. App.—Austin 1991, no writ)).

Texas courts of appeals seem to agree that a judgment becomes final when it "disposes of all issues and parties in the case and the court's power to alter the judgment has ended." *Reagan*, 498 S.W.3d at 243 (quoting *Oscar Renda Contracting, Inc. v. H&S Supply Co.*, 195 S.W.3d 772, 776 (Tex. App.—Waco 2006, pet. denied)) (emphasis omitted). But the sub-issues of *which* court matters and *when* that court loses power over the action remain unsettled. *See id.* at 242–43 (federal district court judgment final after expiration of the thirty-day deadline to file notice of appeal); *Winston v. American Med. Intern., Inc.*, 930 S.W.2d 945, 954 (Tex. App.—Houston [1st Dist.] 1996, no writ) (federal district court judgment final at the time it was entered); *Oscar*, 195 S.W.3d at 776 (state court judgment final after expiration of sixty-day deadline to seek rehearing from the court of appeals); *see also Vale*, 809 S.W.2d at 327 n.4 ("We do not address the question of when a disposition becomes final for purposes of section 16.064 where, for example, a district-court dismissal for lack of jurisdiction is later *affirmed* on appeal.").

The parties offer competing case law, but these authorities only entrench the split. *Compare Allright, Inc. v. Guy*, 696 S.W.2d 603, 605 (Tex. App.—Houston [14th Dist.] 1985, no writ) (deadline begins to run when Supreme Court of Texas denies petition for review), *with Kaplan v. Clear Lake City Water Authority*, No. 91-1344-CV, 1992 WL 383881, at *5 (Tex. App.—Houston [14th Dist.] Dec. 23, 1992, writ denied) (deadline begins to run when district court enters judgment). To be sure, several Texas courts take the approach that a judgment is final for purposes of the savings statute upon entry of judgment, irrespective of an appeal. *Oscar*, 196 S.W.3d at 774

(collecting cases). But other relevant authority rejects that position:

> The statute's use of "becomes final" suggests that a judgment is not always final for purposes of the savings clause the instant the judgment is signed or rendered. Otherwise, the legislature would have specifically provided that the tolling period begins on the day the first court signs the judgment. The legislature knows how to use the signing and rendition of a judgment as statutory reference points, but did not choose to do so here.

*Reagan*, 498 S.W.3d at 242 (collecting examples of Texas laws that establish a deadline measured from the day a judgment "is signed" or "is rendered").

In short, we can only guess as to whether Texas law would deem the flight attendants' tolling savings-statute deadline as running from the time the district court entered judgment or the time this court affirmed that judgment.[1] Rather than guess, certification allows us to rely on the highest authority.

B

Comity interests also counsel in favor of certification, for two reasons. First, the issues frequently arise in Texas state courts and therefore appear to be considerably important to state law. Hundreds of state-court opinions have cited the savings statute, including at least once every year since 1988. These are not the sort of minor state-law questions that rarely come up. *Cf. Fire Prot. Servs.*, 18 F.4th at 805 (important nature of state constitutional question as applied to commercial law supported certification). And second,

---

[1] The flight attendants argue that the deadline to refile began when this court denied their petition for rehearing *en banc*, but if the inquiry keys to when this court lost jurisdiction over the case, the more precise event seems to be when the mandate issues. *Cf. Tejas Motel, LLC v. City of Mesquite*, 63 F.4th 323, 330 n.18 (5th Cir. 2023) (explaining that the judgment takes effect upon issuance of the mandate). In any event, it makes no practical difference because the flight attendants refiled within sixty days of either action.

No. 22-20317

interpretive differences have developed in the *federal* district courts. *See, e.g.*, *Bullock v. University of Texas at Arlington*, No. 4:21-CV-864, 2021 WL 5866644, at *6 (N.D. Tex. Dec. 10, 2021), *appeal docketed*, No. 22-10013 (5th Cir. Jan. 5, 2022); *Jones v. Medical City Denton*, No. 4:20-CV-456, 2023 WL 2672849, at *6–7 (E.D. Tex. Mar. 3, 2023); *Estate of ICD v. Beaumont ISD*, No. 1:18-CV-137, 2020 WL 1028073, at *6 (E.D. Tex. Mar. 2, 2020); *Aubrey v. D. Magazine Partners*, No. 3:19-CV-56, 2020 WL 1469955, at *4 (N.D. Tex. Mar. 26, 2020). These differences emphasize the need for a consistent approach to applying the savings statute. *See, e.g.*, *JCB, Inc. v. The Horsburgh & Scott Co.*, 912 F.3d 238 (5th Cir. 2018); *State Farm Lloyds v. Richards*, 784 F. Appx. 247, 253 (5th Cir. 2019) (certifying question to Supreme Court of Texas) ("This is an issue that has been, and will likely continue to be, the subject of . . . litigation throughout this circuit.").

## C

Finally, we are unaware of any practical limitations that would impede certification. On the contrary, "by long tradition, the Texas Supreme Court graciously accepts and prioritizes certified questions from this circuit." *McMillan*, 983 F.3d at 203. Moreover, this court has recognized that certification is appropriate where, as here, the issues are "purely legal" in nature. *In re Gabriel*, 24 F.4th at 508. These issues are both unsettled and important. As such, certification is both necessary and appropriate. And we see no compelling reason to the contrary.

## III

Accordingly, we certify the following determinative questions of law to the Supreme Court of Texas:

1)   Does Texas Civil Practice & Remedies Code § 16.064 apply to this lawsuit where Plaintiffs could have invoked

No. 22-20317

the prior district court's subject matter jurisdiction with proper pleading?

2)    Did Plaintiffs file this lawsuit within sixty days of when the prior judgment became "final" for purposes of Texas Civil Practice & Remedies Code § 16.064(a)(2)?

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the questions certified. We will resolve this case in accordance with any opinion provided on these questions by the Court. The Clerk of this Court is directed to transmit this certification and request to the Supreme Court of Texas in conformity with the usual practice.

QUESTIONS CERTIFIED.