# Supreme Court of Texas

No. 23-0388

Lee Marvin Sanders and Matthew Sodrok,

*Appellants*,

v.

The Boeing Company, Kidde Technologies, Inc., and Jamco America, Inc.,

*Appellees*

On Certified Questions from the
United States Court of Appeals for the Fifth Circuit

**Argued September 12, 2023**

JUSTICE BOYD delivered the opinion of the Court.

The Texas Civil Practice and Remedies Code requires claimants to "bring suit" by particular deadlines but also provides exceptions that extend or suspend those limitations periods. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 16.003(a) (providing a two-year period to "bring suit" for personal injury). One such exception, set forth in Section 16.064, "suspends the running of the applicable statute of limitations for the period" from "the date of filing an action in a trial court" until "the date

of a second filing of the same action in a different court," but only if (1) "because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding," and (2) "not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction." *Id.* § 16.064(a).

The United States Court of Appeals for the Fifth Circuit has certified two questions to this Court regarding the construction of Section 16.064(a).[1] First, does the section apply when, as here, the prior court dismissed the action because of lack of jurisdiction but the court would have had jurisdiction if the claimants had properly pleaded the jurisdictional facts? And second, did these claimants file the subsequent action within sixty days after the dismissal became final? *Sanders v. Boeing Co.*, 68 F.4th 977, 984 (5th Cir. 2023). We answer Yes to both questions. Applying the statute's plain language, we conclude Section 16.064(a) applies in this case because (1) even if the prior court could have had jurisdiction, it nevertheless dismissed the action "because of lack of jurisdiction," and (2) the claimants filed this action within sixty days after they exhausted their appeal from the dismissal and the appellate court's power to alter the judgment ended, which is when the dismissal became "final."

_____

[1] *See* TEX. CONST. art. V, § 3-c(a) ("The supreme court [has] jurisdiction to answer questions of state law certified from a federal appellate court."); TEX. R. APP. P. 58.1 ("The Supreme Court of Texas may answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent.").

2

# I.
# Background

Lee Marvin Sanders and Matthew Sodrok both work as flight attendants for a major airline. They allege they were injured in January 2017 when a smoke detector on a flight they were working malfunctioned and emitted an alarm so loud it burst their ear drums and caused permanent hearing loss. They initially filed suit against The Boeing Company in a federal district court in Houston but quickly dismissed that action without serving process on any defendant. They then refiled their claims, still before the applicable two-year limitations period expired, in a federal district court in Dallas. The parties engaged in discovery for over a year, and the flight attendants amended their complaint to name Boeing, Kidde Technologies, and Jamco America as defendants (collectively, Boeing).

A year and a half after the limitations period expired, the Dallas district court entered an order concluding the flight attendants failed to adequately plead a basis for diversity jurisdiction in federal court or for venue in Dallas.[2] Boeing did not challenge the court's jurisdiction or move for the entry of such an order; instead, the Dallas district court raised the issue sua sponte. The order required the flight attendants to

---

[2] Regarding jurisdiction, the order explained that the flight attendants failed to plead the location of their own citizenship because they pleaded only that they "reside" in Texas and did not state where they are "domiciled" and failed to plead the location of the defendants' citizenship because they did not allege their states of incorporation or principal places of business. *Sanders v. Boeing Co.*, No. 3:18-CV-03165-X, 2020 WL 13866580, at *1 (N.D. Tex. July 21, 2020).

file an amended complaint addressing those deficiencies within seven days.

The flight attendants filed a third amended complaint seven days later. But in response, the Dallas district court entered another order—again acting sua sponte—concluding that the new complaint still failed to adequately plead diversity of citizenship. The court therefore dismissed the complaint without prejudice for lack of jurisdiction under Federal Rule of Civil Procedure 12(h)(3) and for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Sanders v. Boeing Co.*, No. 3:18-CV-03165-X, 2020 WL 5100788, at *1 (N.D. Tex. Aug. 6, 2020), *aff'd*, No. 20-10882, 2021 WL 3412509 (5th Cir. Aug. 4, 2021). The flight attendants promptly filed motions to reinstate the case and for leave to file a fourth amended complaint, asserting they had "mistakenly and inadvertently misunderstood" the court's initial order. While those motions were pending, the claimants also filed a premature notice of appeal to the Fifth Circuit.

After holding a hearing, the Dallas district court denied both motions, concluding that the flight attendants "did not comply with the Court's order on properly pleading jurisdiction despite specific instructions to do so." *Sanders v. Boeing Co.*, No. 3:18-CV-03165-X, 2020 WL 13490845, at *2 (N.D. Tex. Sept. 30, 2020). The Fifth Circuit affirmed the dismissal a year later on August 4, 2021, concluding the district court "did not err in dismissing Plaintiffs' claims under Rule 12(h)(3)" for lack of subject-matter jurisdiction because "Plaintiffs' jurisdictional allegations remained insufficient." *Sanders v. Boeing Co.*,

No. 20-10882, 2021 WL 3412509, at *3 (5th Cir. Aug. 4, 2021).[3] The Fifth Circuit denied the claimants' rehearing motion on September 13, 2021, and issued its mandate on September 21.

On November 10, 2021—nearly three years after the two-year limitations period expired and ninety-eight days after the Fifth Circuit issued its opinion and judgment, but less than sixty days after the Fifth Circuit denied the rehearing motion and issued its mandate—the flight attendants refiled their claims in state court. Boeing then promptly removed the case to the federal district court in Houston, asserting (as the *flight attendants* had asserted in the Dallas district court) that the federal court had jurisdiction based on diversity of citizenship. Boeing, in fact, had never disputed diversity of citizenship and agrees with the flight attendants that such diversity existed all along.

A month after removing the case to federal court, Boeing moved to dismiss the action based on the two-year statute of limitations. The Houston district court granted the motion and dismissed the suit, holding Section 16.064 did not suspend the running of limitations because the Dallas district court "was not deemed a 'wrong court' pursuant to the requirements of section 16.064." *Sanders v. Boeing Co.*, No. 4:21-CV-04042, 2022 WL 2349155, at *3 (S.D. Tex. June 1, 2022). The flight attendants appealed, and the Fifth Circuit certified the two questions to us. *Sanders*, 68 F.4th at 984.

---

[3] The Fifth Circuit expressly did not reach the question of whether the district court erred by dismissing for failure to comply with a court order under Rule 41(b), affirming instead solely on the ground the court lacked jurisdiction. 2021 WL 3412509, at *4 n.5.

## II.
## "Because of Lack of Jurisdiction"

We begin by addressing the first certified question: "Does Texas Civil Practice & Remedies Code § 16.064 apply to this lawsuit where Plaintiffs could have invoked the prior district court's subject matter jurisdiction with proper pleading?" *Id.* This question focuses on Section 16.064(a)(1), which requires that, "because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding." TEX. CIV. PRAC. & REM. CODE § 16.064(a)(1).

The parties do not dispute that complete diversity has always existed between them or that the Dallas district court dismissed the action because the flight attendants failed to adequately plead the factual basis for federal diversity jurisdiction. Boeing argues, and the Houston district court agreed, that Section 16.064 does not apply here because the Dallas district court in fact had—or at least could have had—diversity jurisdiction if the flight attendants had properly pleaded it. According to Boeing, under "the most liberal interpretation" of Section 16.064(a)(1), "the original court must have actually lacked jurisdiction." But Section 16.064(a)(1) does not require that "the trial court where the action was first filed lacked jurisdiction." Instead, it requires that the prior action was dismissed "because of lack of jurisdiction." *Id.* Here, regardless of whether the Dallas district court had or could have had jurisdiction, the reason it dismissed the action, at least in part, was lack of jurisdiction.

We have briefly addressed Section 16.064 in a few prior decisions, but only in passing. In doing so, we have used language that could be

6

read to support Boeing's proposed narrow construction. We have said, for example, that "Section 16.064 suspends the limitations period when a party mistakenly, and in good faith, files suit in one court, when jurisdiction was *only* proper in another." *City of DeSoto v. White*, 288 S.W.3d 389, 401 (Tex. 2009) (emphasis added). And in *In re United Services Automobile Ass'n*, 307 S.W.3d 299 (Tex. 2010), we stated that Section 16.064 "is a legislative dictate that limitations be tolled for '*any* action' filed in the *wrong court*," that it "tolls limitations for those cases filed in a trial court that *lacks jurisdiction*," and that it "protects plaintiffs who *mistakenly* file suit in a forum that *lacks jurisdiction*." *Id.* at 304, 311, 313 (all but first emphases added).[4] Most recently, in *Nathan v. Whittington*, 408 S.W.3d 870 (Tex. 2013), we stated that Section 16.064 applies only if the plaintiff "bring[s] suit (albeit in the *wrong court*) before the limitations period expires." *Id.* at 875 (emphasis added). None of these cases, however, presented the issue we must address here or required us to consider the distinction between a court that "lacks jurisdiction" and a court that dismisses an action "because of lack of jurisdiction."

The language we used in our prior opinions tracked the descriptions in several Fifth Circuit and Texas appellate court decisions that narrowly construed Section 16.064 and its predecessor, article

---

[4] *See also United Servs. Auto. Ass'n*, 307 S.W.3d at 304 (observing that the Legislature initially enacted Section 16.064's predecessor as "[a]n act to extend the period of limitation of any action in *the wrong court*" (quoting Act of Apr. 27, 1931, 42d Leg., R.S., ch. 81, 1931 Tex. Gen. Laws 124, 124, current version at Tex. Civ. Prac. & Rem. Code § 16.064) (emphasis added)).

5539a,[5] stating that the statute applies only when the claimant "mistakenly" filed the prior action in "the wrong court,"[6] meaning a court that in fact "lacked" subject-matter jurisdiction and thus was a court of "improper jurisdiction."[7] But like our prior decisions, those cases did not present—and those courts were not required to decide—the issue of

---

[5] Act of Apr. 27, 1931, 42d Leg., R.S., ch. 81, 1931 Tex. Gen. Laws 124, 124.

[6] *See Agenbroad v. McEntire*, 595 F. App'x 383, 387 (5th Cir. 2014) ("The plain language of section 16.064 indicates that it is meant to apply only where the plaintiff's suit was filed in the 'wrong court.'"); *Clary Corp. v. Smith*, 949 S.W.2d 452, 461 (Tex. App.—Fort Worth 1997, pet. denied) (holding Section 16.064 did not apply because the claimants did not file in the "wrong court" by "mistake"); *Bell v. Moores*, No. 01-94-00826-CV, 1996 WL 74099, at *5 (Tex. App.—Houston [1st Dist.] 1996, no writ) (not designated for publication) (stating section 16.064 "deals with tolling of the statute of limitations when the first suit is filed in the *wrong court*"); *Turner v. Tex. Dep't of Mental Health & Mental Retardation*, 920 S.W.2d 415, 419 (Tex. App.—Austin 1996, writ denied) ("[Section 16.064] is designed to protect litigants who mistakenly file their action in the wrong court."); *Chalmers v. Am. Nat'l Ins. Co.*, 103 S.W.2d 228, 229 (Tex. App.—El Paso 1937, no writ) ("In order for the . . . dismissal of a suit to toll [article 5539a], the suit must have been first filed in a court that lacked jurisdiction, or, as the caption of the act expressed it, 'in the wrong Court.'").

[7] *See Hotvedt v. Schlumberger Ltd.*, 942 F.2d 294, 296 (5th Cir. 1991) ("[Section 16.064] suspends the limitations period when a plaintiff, acting in good faith, mistakenly files his lawsuit in a court lacking jurisdiction and thereafter initiates a second action in a court of proper jurisdiction."); *Oram v. Gen. Am. Oil Co. of Tex.*, 503 S.W.2d 607, 609 (Tex. App.—Eastland 1973, writ ref'd n.r.e.) (stating article 5539a applies "only when the dismissal of the former action was for lack of jurisdiction; if the court had jurisdiction the statute is not tolled") (citing *Garrett v. Hartford Accident & Indem. Co.*, 107 S.W.2d 726, 728 (Tex. App.—Eastland 1937, no writ) (stating that article 5539a applies only if prior court is a court "which did not have jurisdiction" or was a court of "improper jurisdiction"), and *Binge v. Gulf Coast Orchards Co.*, 93 S.W.2d 813, 814 (Tex. App.—San Antonio 1936, writ dism'd) (holding article 5539a did not apply because the prior court actually "had jurisdiction")).

whether the statute applies when the prior court dismissed the action *because* it lacked jurisdiction when it could have had jurisdiction if the claimant had adequately pleaded the jurisdictional facts.[8]

In contrast to these decisions, the Fifth Circuit and Texas appellate courts have construed the provision broadly in other cases, even when using similar "mistake" and "wrong court" language, holding the section applies when the prior court lacked jurisdiction for *any* reason[9] and even when it actually had jurisdiction but made a

---

[8] *See Agenbroad*, 595 F. App'x at 387–88 (holding Section 16.064 did not apply because prior court dismissed for "lack of standing to sue"); *Hotvedt*, 942 F.2d at 297 (addressing case in which claimant voluntarily dismissed prior action after the trial court stayed the action based on forum non conveniens and holding that a stay "is not considered tantamount to a dismissal, much less a dismissal on jurisdictional grounds"); *Clary Corp.*, 949 S.W.2d at 461 (addressing case in which claimants made "tactical decisions" to allow dismissal and then refile claims in *same* court); *Bell*, 1996 WL 74099, at *5 (holding statute did not apply because prior court dismissed for lack of jurisdiction because plaintiff lacked standing, not because it was "the wrong court"); *Turner*, 920 S.W.2d at 418 (presuming prior court dismissed "for lack of jurisdiction" and focusing instead on whether second suit was "the same" action as the first); *Oram*, 503 S.W.2d at 610 (addressing case in which prior court dismissed in response to plea in abatement, not "for lack of jurisdiction"); *Garrett*, 107 S.W.2d at 728 (addressing case in which prior court did not dismiss prior action and instead claimant voluntarily nonsuited after defendant removed case to federal court); *Chalmers*, 103 S.W.2d at 228 (addressing case in which prior court dismissed action for improper joinder of parties and claims, not "for want of jurisdiction"); *Binge*, 93 S.W.2d at 814 (addressing case in which claimant voluntarily dismissed prior action).

[9] *See Long Island Tr. Co. v. Dicker*, 659 F.2d 641, 647 (5th Cir. 1981) (holding article 5539a applied when New York state court dismissed prior action for lack of personal jurisdiction over the defendant, finding "no reason to read into the statute limitations that are not contained in the words therein"); *Triple P.G. Sand Dev., LLC v. Del Pino*, 649 S.W.3d 682, 691, 693, 698 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (holding prior court's dismissal of plea in intervention based on intervenors' failure to adequately

discretionary decision not to exercise it.[10] Still others have applied the section even more broadly, expressly rejecting the notion that the statute applies only when the prior court was the "wrong court,"[11] and holding it applies whenever the dismissal order states that the dismissal is "for want of jurisdiction."[12]

We conclude that Section 16.064(a)(1)'s plain language does not support a "wrong court" requirement, at least in the sense many courts have described and applied it. The idea that Section 16.064 applies only when the prior action was filed in "the wrong court" derives from the section's predecessor statute, article 5539a. Like Section 16.064, the text

plead "jurisdictional standing" was "tantamount to a dismissal for 'lack of jurisdiction'" and "satisfied the 'dismissed for lack of jurisdiction' requirement set out in section 16.064(a)").

[10] *See Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex. App.—Austin 1991, no writ) (holding the "federal court's refusal to exercise jurisdiction over a pendent state claim is tantamount to a dismissal for lack of jurisdiction"); *Burford v. Sun Oil Co.*, 186 S.W.2d 306, 310, 315 (Tex. App.—Austin 1944, writ ref'd w.o.m.) (stating that article 5539a applies when prior case is "mistakenly but in good faith brought in the wrong court" but holding federal court's discretionary decision not to exercise its jurisdiction because state courts provided adequate remedy qualified as a dismissal "because the Federal court was a wrong court, an 'improper court,' and therefore in effect a 'court of improper jurisdiction'").

[11] *See Brown v. Fullenweider*, 135 S.W.3d 340, 343 n.2 (Tex. App.—Texarkana 2004, pet. denied) (refusing to follow prior decisions because the court "fail[ed] to find in the text of Section 16.064(a) either a requirement that the first filing be a 'mistake' or that it be filed in the 'wrong court'").

[12] *See Griffen v. Big Spring Indep. Sch. Dist.*, 706 F.2d 645, 651–52 (5th Cir. 1983) (rejecting argument that "article 5539a was designed to reach only a 'wrong court' sort of lack of jurisdiction" because "'wrong court' was so clearly used to mean 'a court of improper jurisdiction'" and holding "a dismissal specifically denoted a dismissal for want of jurisdiction is in fact a dismissal for want of jurisdiction within the meaning of article 5539a").

10

of that early act did not require that the prior action be filed in a "wrong court" and instead required that the action "be dismissed in any way . . . *because of a want of jurisdiction* of the Trial Court in which such action shall have been filed." Act of Apr. 27, 1931, 42d Leg., R.S., ch. 81, 1931 Tex. Gen. Laws 124, 124 (emphasis added). But the act's title described the statute as "[a]n act to extend the period of limitation because of filing of any action *in the wrong court*." *Id.* (emphasis added). When the Legislature codified the act in 1985, it revised the title to delete the "wrong court" language but, as Boeing notes, replaced it with the title, "Effect of Lack of Jurisdiction." Because a statute's title can "inform the inquiry into the Legislature's intent," *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 75 (Tex. 2016), Boeing urges us to construe Section 16.064(a)(1) to require that the prior court could never have properly acquired jurisdiction and was thus in fact the "wrong court."

The El Paso Court of Appeals was the first appellate court to incorporate the "wrong court" language from article 5539a's title into its text, stating in dicta that tolling is available only if the action was "first filed in a court that lacked jurisdiction, or, as the caption of the act expressed it, 'in the wrong Court.'" *Chalmers*, 103 S.W.2d at 229. As noted, numerous other courts—including this Court—followed suit, although they did not always agree on what it meant for a court to be "wrong."

In *Agenbroad* and *Bell*, for example, the Fifth Circuit and Houston's First District Court of Appeals held that the statute did not apply—even though the prior courts dismissed those actions because of lack of jurisdiction—because the courts based their decisions on the

11

claimants' lack of jurisdictional standing, which in those courts' view made the claimants the wrong claimants but did not make the court the "wrong court." *Agenbroad*, 595 F. App'x at 387–88; *Bell*, 1996 WL 74099, at *5.[13] Boeing relies particularly on *Agenbroad*, which noted that the claimants could have established jurisdictional standing had they pleaded their claims differently and suggested that Section 16.064 does not apply when "the plaintiff could have amended his pleadings to come within the court's jurisdiction." *Agenbroad*, 595 F. App'x at 388 (citing *Clary Corp.*, 949 S.W.2d at 461).

But more recently, in *Triple P.G.*, the First District Court of Appeals (without citing its unpublished opinion in *Bell*) held that a prior court's dismissal for failure to adequately plead jurisdictional standing was "tantamount to a dismissal for 'lack of jurisdiction'" and "satisfied the 'dismissed for lack of jurisdiction' requirement set out in section 16.064(a)." 649 S.W.3d at 691, 693, 698. And before *Agenbroad*, the Fifth Circuit held in *Long Island* that article 5539a applied when a New York state court dismissed the prior action not for lack of subject-matter jurisdiction but for lack of personal jurisdiction over the defendant, finding "no reason to read into the statute limitations that are not contained in the words therein." 659 F.2d at 647.

We agree, of course, that a statute's title can inform its meaning, but it "cannot override the plain meaning of the underlying text." *Brown*

---

[13] Similarly, in *Turner*, the Austin Court of Appeals concluded that the statute did not apply because, "[r]ather than mistakenly filing his action in the wrong court, Turner simply filed the wrong cause of action," even though the court accepted that the prior court dismissed the action for lack of jurisdiction. *Turner*, 920 S.W.2d at 419.

*v. City of Houston*, 660 S.W.3d 749, 754 (Tex. 2023). We must consider the reference to "lack of jurisdiction" in Section 16.064's title (and the reference to "wrong court" in article 5539a's title, to the extent we should consider it at all) in light of the actual language in the statutory text. In that light, we can agree with the courts that have concluded that the terms are essentially synonymous, such that a "wrong court" is a court that lacks jurisdiction. *See Griffen*, 706 F.2d at 651 ("[T]he legislature appears to have thought the wrong court was one that wanted jurisdiction."); *Fullenweider*, 135 S.W.3d at 345 (concluding "the terms are synonymous as applied to the tolling provision"). But Section 16.064(a)(1) does not require that the prior court was the "wrong court" or that it "lacked jurisdiction." It requires that the prior action was dismissed "because of lack of jurisdiction." TEX. CIV. PRAC. & REM. CODE § 16.064(a)(1). If the prior action was dismissed "because of lack of jurisdiction," the statute's plain-language requirement is satisfied even if the court actually had jurisdiction or could have had it if the jurisdictional facts were properly pleaded.[14]

---

[14] The parties each argue in the alternative that it ultimately doesn't matter whether the statute imposes a "wrong court" requirement. Boeing argues, for example, that even if the statute does not require that the prior court could never properly exercise jurisdiction, the Dallas district court did not dismiss the prior action "solely upon a lack of jurisdiction" under federal Rule 12(h)(3) but also because the flight attendants failed to comply with the court's initial order under Rule 41(b). But Section 16.064 does not require that the prior court dismissed the action "solely" because of lack of jurisdiction. And, in any event, the order the flight attendants failed to comply with was an order that required them to adequately plead the basis for diversity jurisdiction. Indisputably, the court dismissed the prior action because it believed it lacked jurisdiction, and the statute does not distinguish between the reasons for the lack of jurisdiction. Moreover, the Fifth Circuit expressly did not address the

Boeing contends, however, that Section 16.064 requires that the prior court could not properly exercise jurisdiction because subsection (a)(2) expressly requires that the "same action" be refiled in a "different court" that is a "court of *proper* jurisdiction." *Id.* § 16.064(a)(2) (emphasis added). According to Boeing, the section "juxtaposes" the prior court and the subsequent court "in parallel fashion," such that if the "different" court in which the action is later filed must be one "of proper jurisdiction," then the prior court must necessarily have been one of "improper jurisdiction." The prior court, Boeing contends, had to actually lack jurisdiction because it cannot be *both* a court where there is a "lack of jurisdiction" under subsection (a)(1) *and* "a court of proper jurisdiction" under subsection (a)(2). And because the Dallas district court was actually "a court of proper jurisdiction" for this case, Boeing asserts, it cannot also be a court where there was "a lack of jurisdiction."

But this argument also overlooks the statute's plain language. Section 16.064(a)(2) requires that the action be refiled in "*a* court of proper jurisdiction," not "*the* court of proper jurisdiction" as if there

---

failure-to-comply ground and affirmed the dismissal solely on the ground that, in light of the inadequate pleadings, the Dallas district court lacked jurisdiction. 2021 WL 3412509, at *4 n.5.

The flight attendants, meanwhile, argue that even if Section 16.064 requires that the prior court was in fact the "wrong court" and could never properly exercise jurisdiction, the Fifth Circuit's decision affirming the dismissal establishes as a matter of law that the Dallas district court in fact lacked jurisdiction. *See id.* at *4 ("Plaintiffs have not convinced us that the district court erred in dismissing this case for lack of subject-matter jurisdiction."). Because Section 16.064(1) requires only that the action was dismissed "because of lack of jurisdiction" and does not require that the prior court *actually* lacked jurisdiction, we need not address this alternative argument.

could be only one court in which jurisdiction could be proper. *Id.* § 16.064(a)(2) (emphasis added). And more importantly, as noted, subsection (a)(1) does not require that the prior court be a "court of improper jurisdiction" or even a court that "lacks jurisdiction"; it requires that the action be *dismissed* from that court "*because of* lack of jurisdiction." *Id.* § 16.064(a)(1) (emphasis added). The fact that subsection (a)(1) refers to the reason for the dismissal while subsection (a)(2) refers to the nature of the court negates Boeing's proposed "parallel" reading.

Finally, Boeing contends that Section 16.064 does not apply here because the flight attendants' action in the Dallas district court was not their "first" action and their refiling in the state court was not their "second." *See id.* § 16.064(a) (referring to the "second filing of the same action," the "court where the action was first filed," and "the first" filing). Because the flight attendants "first" filed their claims in the federal court in Houston, promptly dismissed that action, refiled in the Dallas district court, and then filed again in state court, Boeing contends that the statute applies only if the Houston action was dismissed "because of lack of jurisdiction." After all, Boeing explains, "first" means "preceding all others," so only the Houston action could be "first." We again are not convinced.

We have identified only one case in which a court addressed whether or how Section 16.064 or article 5539a applies when the same action is filed and refiled three or more times. *See Tech. Consultant Servs., Inc. v. Lakewood Pipe of Tex., Inc.*, 861 F.2d 1357 (5th Cir. 1988). As here, that case involved a "trilogy of suits." A Florida state court

15

dismissed the first for lack of personal jurisdiction over the defendant, a Florida federal court dismissed the second for the same reason, and the third was filed in a federal court in Texas. *Id.* at 1360. Relying on Texas court decisions that consistently applied the statute "broadly in light of its remedial goals," the court concluded that it permits the "good faith refiling of a 'subsequent' suit, not just a 'second' suit." *Id.* at 1361.[15]

We need not rely on a "broad" or "liberal" construction to agree with this result, however, as we believe the statute's plain language supports that same result. Section 16.064(a) addresses only two "different" actions and their impact on the limitations period. In its introductory paragraph, it refers to "*an* action in a trial court," not to "*the first* action," and it then refers to "*a* second filing of the same action," not to "*the* second filing of the same action." TEX. CIV. PRAC. & REM. CODE § 16.064(a) (emphases added). In this usage, "second" refers to the action "next" following "an action in a trial court." *See Second*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (2002) ("next to the first in place or time"); *Second*, THE OXFORD ENGLISH DICTIONARY (2d ed. 1989) ("coming next after the first according to any contextually understood principle of enumeration"); *see also Tech. Consultant*, 861 F.2d at 1361. But the section does not in any way address the impact that either of those two actions have on a prior or later third action or of the third action on the two. As between the only two actions the section addresses,

---

[15] Courts in other jurisdictions have applied other tolling statutes similarly, but we do not find them helpful because the language of those statutes differs materially from the language of article 5539a and Section 16.064. *See, e.g.*, *Sharp Bros. Contracting Co. v. Westvaco Corp.*, 817 P.2d 547, 551–52 (Colo. App. 1991) (citing cases).

one is necessarily "first" and the other is "next" or "second." Here, the flight attendants contend that the section tolls limitations from "the date of filing *an* action" in the Dallas district court and the date of "*a* second filing of the same action" in state court. We conclude that, as between the two, these actions qualify as the "first" and "second" actions under Section 16.064.[16]

Based on the statute's plain language, we conclude that Section 16.064(a)(1) requires what it plainly says it requires: the prior action must be dismissed "because of lack of jurisdiction." The requirement is

---

[16] Like the Fifth Circuit in *Technical Consultant*, we note that subsection (b) of Section 16.064, which makes tolling inapplicable if "the first filing was made with intentional disregard of proper jurisdiction," provides a means to "prevent parties from abusing the provision with an unending string of unjustifiable wrong-court filings." 861 F.2d at 1361.

We also note that no party in this case has alleged or argued that the flight attendants filed their action in the Dallas district court "with intentional disregard of proper jurisdiction," and the Fifth Circuit's certified questions do not ask us to address subsection (b). Boeing relies in part on subsection (b) to support its contention that subsection (a)(1) requires the first court to actually "lack jurisdiction," arguing that it "would make little sense" for subsection (b) to foreclose tolling when the first filing is made "with intentional disregard of proper jurisdiction" if the first court could in fact be a court of "proper jurisdiction." But we fail to see the conflict. A party could file an action "with intentional disregard of proper jurisdiction" in a court that lacks jurisdiction only because the party failed to give proper regard to its jurisdictional allegations. Here, for example, the federal district court gave the flight attendants an unusually detailed roadmap to properly plead diversity jurisdiction, but the flight attendants failed to follow that map in its next amended pleading. For whatever reason, Boeing has expressly disclaimed any argument that the flight attendants intentionally disregarded proper jurisdiction, so we must await another case to address subsection (b)'s scope. But we do note that while subsection (a) may grant substantial additional time to refile a case dismissed for lack of jurisdiction, subsection (b) penalizes intentional jurisdictional errors. Beyond that brief response, however, we need not and do not address subsection (b).

satisfied when a court dismisses an action because of lack of jurisdiction regardless of whether the court erred and actually had jurisdiction or could have had jurisdiction had the claims been pleaded differently.

## III.
## Dismissal Becomes Final

We now turn to the Fifth Circuit's second certified question: "Did Plaintiffs file this lawsuit within sixty days of when the prior judgment became 'final' for purposes of Texas Civil Practice & Remedies Code § 16.064(a)(2)?" *Sanders*, 68 F.4th at 984. This question focuses on Section 16.064(a)(2), which requires that, "not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction." TEX. CIV. PRAC. & REM. CODE § 16.064(a)(2). Boeing contends that a dismissal "becomes final" under this section when the court that dismisses the action loses plenary power over the case, regardless of whether the losing party appeals. In contrast, the flight attendants argue that when a party appeals a dismissal order, the dismissal does not become final until the party has exhausted their appellate remedies and the appellate court's power to alter the judgment ends. We agree with the flight attendants.

Because the statute expressly refers not to when the dismissal occurs but to when "the dismissal or other disposition *becomes* final," *id.* § 16.064(a)(2) (emphasis added), the parties agree that the sixty-day period begins sometime *after* the initial dismissal order is signed or entered. *See Reagan Nat'l Advert. of Austin, Inc. v. City of Austin*, 498 S.W.3d 236, 242 (Tex. App.—Austin 2016, pet. denied) ("The statute's use of 'becomes final' suggests that a judgment is not always final for purposes of [Section 16.064(a)(2)] the instant the judgment is signed or

18

rendered."). But beyond that, there are many points at which it could be said that the dismissal "becomes final."

Indeed, as we have previously acknowledged, "the term 'final,' as applied to judgments, has more than one meaning" and "applies differently in different contexts." *Street v. The Honorable Second Ct. of Appeals*, 756 S.W.2d 299, 301 (Tex. 1988) (quoting *McWilliams v. McWilliams*, 531 S.W.2d 392, 393–94 (Tex. App.—Houston [14th Dist.] 1975, no writ)); *see also Long v. Castle Tex. Prod. Ltd. P'ship*, 426 S.W.3d 73, 78 (Tex. 2014) ("We assess a judgment's finality differently, depending upon the context."). The term "final" can mean that an order or judgment is appealable,[17] but it can also mean that it is *not* appealable.[18] It can refer to the content and terms of an order or judgment, such as whether the order on its face disposes of all claims and parties,[19] or to the order's future effect, such as when the court loses

---

[17] *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (holding a judgment entered based on a proceeding other than a conventional trial on the merits is "final" if it "actually disposes of every pending claim and party" or "it clearly and unequivocally states that it finally disposes of all claims and all parties"); *see also Sultan v. Mathew*, 178 S.W.3d 747, 751 (Tex. 2005) ("To be final for purposes of appeal, a judgment must dispose of all issues and parties in a case." (citing *Street*, 178 S.W.3d at 301)); *Mobil Oil Corp. v. Matagorda Cnty. Drainage Dist. No. 3*, 597 S.W.2d 910, 911 (Tex. 1980) ("It is the finality which makes a judgment a subject for review.").

[18] *Sultan*, 178 S.W.3d at 752 (holding that statute declaring that the "judgment of the county court or the county court at law is final" prohibits appeals to the court of appeals); *Seale v. McCallum,* 287 S.W. 45, 47 (Tex. 1926) (holding statute declaring that district court judgment in election contest is "final" precluded appellate review); *see also Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007) ("The words 'final and binding,' when used to describe an administrative decision, preclude judicial review.").

[19] *Lehmann*, 39 S.W.3d at 205.

plenary power to alter the order or judgment,[20] or to when the order or judgment takes on a preclusive effect,[21] vests rights as between the parties,[22] begins accruing post-judgment interest,[23] establishes frivolousness for purposes of barring future claims,[24] triggers automatic suspension of a license,[25] or gives rise to a subsequent claim based on the order or judgment.[26]

---

[20] *Street*, 756 S.W.2d at 301.

[21] *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) (holding judgment is "final for the purposes of issue and claim preclusion 'despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo'" (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13 (AM. L. INST. 1982))).

[22] *Street*, 756 S.W.2d at 301.

[23] *Long*, 426 S.W.3d at 79–80 (holding if appellate court reverses and remands, subsequent judgment is final for purposes of post-judgment interest if trial court must reopen the record on remand, but original, erroneous judgment is final for such purpose if trial court need not reopen the record or if appellate court renders judgment trial court should have rendered).

[24] *In re Simmonds*, 271 S.W.3d 874, 881–82 (Tex. App.—Waco 2008, orig. proceeding) (holding dismissal order finding claim to be frivolous is not final for purposes of precluding future claims until order is affirmed if appealed because "a judgment is not final, in the sense that the litigation is concluded, so long as an appeal is pending").

[25] *Barham v. Tex. Dep't of Pub. Safety*, 398 S.W.2d 168, 169 (Tex. App.—Eastland 1965, no writ) ("We hold that a judgment of conviction for the offense of driving an automobile on a public highway while intoxicated which has been appealed becomes final when the appeal is finally determined by the Court of Criminal Appeals.").

[26] *See, e.g.*, *Evanston Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 1:09-CV-909, 2012 WL 12977322, at *8 (E.D. Tex. Mar. 19, 2012) (holding claim for equitable contribution accrues when litigation is finally "completed" following all appeals, making claimant's underlying liability "absolutely certain"); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829

Not surprisingly then, courts have disagreed over when a dismissal "becomes final" under Section 16.064(a)(2) and its predecessor, article 5539a. In reviewing these decisions, we have found it helpful to distinguish between cases in which no party appeals the dismissal for lack of jurisdiction and those in which at least one party does appeal.

When no party appeals the dismissal for lack of jurisdiction, the analysis appears to be relatively easy. In one case where the trial court dismissed the action for lack of jurisdiction and no party appealed, we stated that whether the claimant timely filed the subsequent action depended on whether that action "was 'commenced' within sixty days after dismissal of the [prior] suit," but we did not expound on when that "dismissal" occurred or became "final." *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970).[27] At least one court of appeals has held that, if no party appeals a trial court's dismissal for lack of jurisdiction, the dismissal "becomes final" when the trial court loses plenary power and can no longer reconsider or modify its judgment. *See Reagan Nat'l*, 498 S.W.3d at 241–42 (holding when "neither party appeals," the

---

(Tex. 1990) (holding good-faith claim accrues when insurer wrongfully denies claim rather than when claim is finally resolved in court); *Street*, 756 S.W.2d at 301 ("[A] judgment is final for the purposes of bringing a *Stowers* action if it disposes of all issues and parties in the case, the trial court's power to alter the judgment has ended, and execution on the judgment, if appealed, has not been superseded.").

[27] We instead held in *Rigo Manufacturing* that the claimants did not timely "commence" the subsequent action because, although they filed the subsequent action only ten days after the prior court dismissed the first action, they did not diligently procure issuance and service of citation on the defendant until some eighteen months later. 458 S.W.2d at 182.

dismissal order "did not become final until at least 30 days from its order denying the [defendant's] motion for new trial"). We agree with this understanding of finality when no party appeals a trial court's dismissal for lack of jurisdiction.

Another example of when no party appeals a dismissal for lack of jurisdiction can occur when (1) the trial court does *not* dismiss because of lack of jurisdiction, (2) a party appeals or seeks other relief from that court's order or judgment, (3) the appellate court *does* dismiss the action because of lack of jurisdiction, and (4) no party seeks review of the appellate court's dismissal. As Boeing points out in its briefs, Section 16.064 addresses this scenario by requiring in subsection (a)(1) that, "because of lack of jurisdiction in the trial court . . . , the action is dismissed *or the judgment is set aside or annulled in a direct proceeding*," and by requiring in subsection (a)(2) that the action be commenced in a court of proper jurisdiction within sixty days "after the date the dismissal *or other disposition* becomes final." TEX. CIV. PRAC. & REM. CODE § 16.064(a) (emphases added). Because in this example, as in the first, no party appeals the dismissal for lack of jurisdiction, the finality analysis is the same as under the first example: the dismissal "becomes final" when the appellate court (the court that first orders the dismissal) loses plenary power and can no longer reconsider or modify its judgment.

*Vale* illustrates this example. The Austin Court of Appeals held there that "the *earliest* date from which the sixty-day period could begin to run was" the date the appellate court issued its opinion dismissing the claims for want of jurisdiction. 809 S.W.2d at 327 (emphasis added).

Similarly, and more specifically, the Waco Court of Appeals held in such circumstances that the appellate court's dismissal "becomes final" when that court "disposes of all issues and parties in the case and the court's power to alter the judgment has ended." *Oscar Renda Contracting, Inc. v. H&S Supply Co.*, 195 S.W.3d 772, 776 (Tex. App.—Waco 2006, pet. denied); *see Allright, Inc. v. Guy*, 590 S.W.2d 734, 735–36 (Tex. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) (dismissing case for lack of jurisdiction and advising that, "[s]ince the county court at law was without jurisdiction in this case, appellee may, of course, refile in the proper court within sixty days of the date that this decision becomes final" (citing former art. 5539(a))). We again agree with this understanding of when the dismissal for lack of jurisdiction "becomes final."

Yet another example of when no party appeals a dismissal for lack of jurisdiction can occur when (1) neither the trial court nor the court of appeals dismisses for lack of jurisdiction, (2) a party seeks review in this Court, (3) this Court accepts review and dismisses the action because of lack of jurisdiction, and (4) no party seeks review of this Court's dismissal in the United States Supreme Court. *See Fullenweider*, 135 S.W.3d at 343 (addressing such circumstances and noting that the parties conceded that claimant timely filed subsequent suit within sixty days after this Court's judgment). We believe the same understanding of finality should apply here as well, such that a dismissal because of lack of jurisdiction that is ordered in the first instance by this Court "becomes final" when this Court loses plenary power and can no longer reconsider or modify our judgment.

23

The analysis potentially becomes more difficult when a party appeals an order that dismisses an action because of lack of jurisdiction and the order is affirmed on appeal.[28] Here, for example, the Dallas district court dismissed because of lack of jurisdiction, the flight attendants appealed the dismissal, and the Fifth Circuit affirmed. The Austin Court of Appeals acknowledged but expressly did not address this scenario in *Vale*, 809 S.W.2d at 327 n.4 ("We do not address the question of when a disposition becomes final for purposes of section 16.064 where, for example, a district-court dismissal for lack of jurisdiction is later *affirmed* on appeal."), but other courts have. At least one Texas court of appeals has held that a dismissal that is appealed becomes final on the date of the initial dismissal order. *See Kaplan v. Clear Lake City Water Auth.*, No. C14-91-01344-CV, 1992 WL 383881, at *5 (Tex. App.—Houston [14th Dist.] Dec. 23, 1992, writ denied) ("Although appellant appealed the district court's judgment, this appeal did not affect the applicability of § 16.064."). And a federal district court has held it becomes final when the court that ordered dismissal loses plenary power and can no longer alter its judgment. *Bullock v. Univ. of Tex. at Arlington*, No. 4:21-cv-0864-P, 2021 WL 5866644, at *6 (N.D. Tex. Dec. 10, 2021). In other words, in these courts' view, the dismissal "becomes final" no later than when the court that ordered dismissal loses plenary power, and an appeal from the dismissal does not affect the dismissal's finality.

---

[28] Of course, if a party appeals and the dismissal is reversed, the action remains live and no need for tolling arises.

24

Other courts, however, have held that a dismissal that is appealed does not become final until the appellate courts ultimately resolve the appeal and, more specifically, when that judgment itself becomes final after all appeals. In *Republic National Bank v. Rogers*, 575 S.W.2d 643, 644–45 (Tex. App.—Waco 1978, writ ref'd n.r.e.), for example, the Waco Court held that a subsequent suit was timely because it was filed within sixty days after the Fifth Circuit issued its decision affirming a federal district court's dismissal order. And in *Allright*, after the Fourteenth Court dismissed for lack of jurisdiction and advised that the claimant could "refile in the proper court within sixty days of the date that this decision becomes final," 590 S.W.2d at 735–36, it later noted that the claimant then sought this Court's review and concluded that the dismissal did not actually become final until we refused to review that decision, *Allright, Inc. v. Guy*, 696 S.W.2d 603, 605 (Tex. App.—Houston [14th Dist.] 1985, no writ).

We believe the *Rogers* and *Allright* courts properly understood the meaning of "final" as used within the context of Section 16.064(a)(2)'s reference to a dismissal that "becomes final." To be sure, for purposes of appeal, an order that dismisses an action because of lack of jurisdiction (whether entered by a trial court or an appellate court in the first instance) must be "final" even to be appealable or reviewable, but "final" in that sense refers to the order's terms, asking whether on its face the order disposes of all claims and parties. Section 16.064 is concerned not with the order's terms but with the dismissal's effect. Indeed, Section 16.064 requires that the subsequent action be filed within sixty days

after the "dismissal" becomes final, not after the "dismissal *order*" becomes final.

As we agreed a hundred years ago,

the judgment of a district court, though final *in terms*, is not final *in effect*, so long as appellate proceedings are pending seeking a revision of the same. Nor is a judgment of the Court of Civil Appeals final in effect so long as a valid application for writ of error is pending, whether such application be denied or dismissed for want of jurisdiction.

*Cont'l Gin Co. v. Thorndale Mercantile Co.*, 254 S.W. 939, 941 (Tex. [Comm'n Op.] 1923) (emphases added) (citations omitted).[29]

We relied in *Continental Gin Co.* on our earlier decision in *Dignowity v. Fly*, 210 S.W. 505, 506 (Tex. 1919), in which we considered when a court of appeals' judgment that reversed a trial court's judgment and remanded the case to that court became "final" for purposes of a statute that required the mandate to issue within twelve months after the rendition of a "final" judgment. We held in *Dignowity* that if a party sought review of the court of appeals' judgment in this Court, the judgment did not become "final" until we denied review, explaining that

---

[29] *See also Simmonds*, 271 S.W.3d at 882 ("[A] judgment is not final, in the sense that the litigation is concluded, so long as an appeal is pending."); *Apparel Contractors, Inc. v. Vantage Props., Inc.*, 620 S.W.2d 666, 668 (Tex. App.—Dallas 1981, writ ref'd n.r.e.) ("Regardless of whether a judgment has been superseded, it is not final so long as an appeal is pending, and, although it may be enforced by execution, payment of a fund to one party pending appeal does not discharge liability to a different party that may be established after reversal." (citing *Gonzalez v. Tex. Emp. Ins. Ass'n*, 509 S.W.2d 423, 426 (Tex. App.—Dallas 1974, writ ref'd n.r.e.)); *Gonzalez*, 509 S.W.2d at 426 ("A judgment is not final so long as an appeal is pending, whether or not it has been superseded. Consequently, no right can be asserted under a judgment that has been reversed.").

"it is the settled law that an appeal, with or without supersedeas, operates to continue a pending suit, so as to deprive the judgment appealed from of that finality 'necessary to entitle it to admission in evidence in support of the right or defense declared by it.'" *Id.* (quoting *Tex. Trunk Ry. Co. v. Jackson Bros.*, 22 S.W. 1030, 1032 (Tex. 1893)). Otherwise, we explained, the trial court could ignore the court of appeals' decision and dismiss the case simply because the case remained pending in this Court a year after the court of appeals' judgment. *Id.*

As the Wisconsin Supreme Court later explained, relying in part on our decision in *Dignowity*, this concept of "finality"—which focuses not on whether an order's terms make it final as opposed to interlocutory but on the order's effect on future actions—"can be attributed to the term 'final judgment' more easily in cases where a period of time within which to act is limited to run from a final judgment." *Nw. Wis. Elec. Co. v. Pub. Serv. Comm'n*, 22 N.W.2d 472, 474 (Wis. 1946) (citing *Dignowity*, 210 S.W. at 505) (holding reference to "final judgment" referred to "a judgment not open to attack by appeal or as to which an appeal had been pursued and the judgment of the circuit court affirmed"). That, of course, is exactly the sense in which Section 16.064(a)(2) uses the term "final," by requiring the subsequent action to be commenced within sixty days after the "dismissal . . . becomes final." TEX. CIV. PRAC. & REM. CODE § 16.064(a)(2).

This construction is consistent with the common understanding of the term "final" as used within the context of Section 16.064 in light of the realities that section addresses. When a trial court dismisses an action because of lack of jurisdiction and the claimant appeals and

27

argues that the court in fact had jurisdiction, the parties' dispute over the jurisdictional issue remains live—and the dismissal is not truly "final"—until the appellate court loses plenary power to resolve that dispute. And if the appellate court affirms the dismissal, or if the appellate court was the first to dismiss because of lack of jurisdiction, the dispute still exists until this Court loses power to act on any timely filed petition for review. *See Freeport-McMoRan Oil & Gas LLC v. 1776 Energy Partners, LLC*, 672 S.W.3d 391, 398–99 (Tex. 2023) (explaining that our decisions become "final" when we issue a mandate because "[u]ntil then, the dispute still existed because [a party] could file a motion for rehearing and convince us to change our opinion and judgment").

Opposing this construction, Boeing argues that the distinction Section 16.064 draws between a trial court's "dismissal" for lack of jurisdiction and an appellate court's "other disposition" for lack of jurisdiction (referring to when the trial court's "judgment is set aside or annulled in a direct proceeding") necessarily "establishes two distinct dispositions that start the 60-day clock—one in the trial court and one in the court of appeals." Based on this premise, Boeing concludes that if (as here) a trial court "dismissal" occurs, then an appellate court's "other disposition" becomes irrelevant to the issue of when the "dismissal" becomes final, such that all that matters is when the order of the court that dismissed the action (whether a trial court's dismissal or an appellate court's other disposition) becomes final. We agree with Boeing's premise, but not with its conclusion. The statute indeed distinguishes between a trial court's "dismissal" and an appellate court's

28

"other disposition," and in each case the dismissal must be "because of lack of jurisdiction in the trial court." But that still leaves the question of when "the dismissal or other disposition becomes final," and the distinction Boeing relies on sheds no light on that question.

Boeing also contends that its proposed construction is necessary to "promote the certainty and finality that limitations is meant to ensure" and, conversely, delaying finality of a dismissal order until all appeals are exhausted would "frustrate the purposes of statutes of limitations." *See Childs v. Haussecker*, 974 S.W.2d 31, 38–39 (Tex. 1998) (explaining that statutes of limitations are intended to "help ensure that the search for truth is not impaired by stale evidence or the loss of evidence, and that defendants are guaranteed a point of repose for past deeds after a reasonable period"). But Section 16.064 is not a statute of limitations, it is an *exception* to a statute of limitations. Its stated purpose is to "suspend" the applicable limitations period, despite the risk of stale evidence and the need for repose.[30] TEX. CIV. PRAC. & REM. CODE § 16.064(a).

We do not wholly discount Boeing's concern about the length of time appellate proceedings could extend a limitations period. But the inevitable alternative under Boeing's proposed construction is to require claimants to quickly file a second action and then either forfeit their right to appeal the dismissal for lack of jurisdiction or litigate the appeal

---

[30] We note that the risk of the suspension resulting in stale or lost evidence is quite slight in this case, as the parties had the opportunity to engage in discovery for over a year before the Dallas district court dismissed the action.

and the second action simultaneously.[31] And if the claimant prevails on appeal and reverses the dismissal, the second action would have been unnecessary all along. We addressed a similar concern in *Street*, in which we held that, for purposes of giving rise to a *Stowers* action against an insurer that fails to reasonably settle a claim against its insured within its policy limits, a trial court judgment is final "if it disposes of all issues and parties in the case, the trial court's power to alter the judgment has ended, and execution on the judgment, if appealed, has not been superseded." *Street*, 756 S.W.2d at 301. But we clarified that despite that rule of finality for purposes of the *Stowers* action, "the statute of limitations will not begin to run until all appeals have been exhausted" because "[n]o valid public policy is served by forcing an insured to bring an action which may ultimately prove unnecessary." *Id.* at 302.

Finally, Boeing argues that a trial court's order "becomes final" when that court loses plenary power because Section 16.064 "is meant to give plaintiffs who file in the wrong court an opportunity to refile in a proper court," and when the trial court dismisses for lack of jurisdiction, "the plaintiff is on notice" at that point in time "that he has filed in the wrong court." But in fact, no one knows if the trial court truly lacked jurisdiction until any appeals from the dismissal order have been exhausted. Until that point, the trial court's dismissal *order* may be

---

[31] Theoretically, the claimant could file a second action and then seek to abate it until the appeal from the dismissal is finally resolved, but an abatement of the litigation would itself undermine the purposes of limitations and, at least in most respects, be no different than suspending the limitations period.

"final" (and thus appealable), but the "dismissal" itself is not. Because Section 16.064(a)(2) requires timely filing after the "dismissal" (as opposed to the "dismissal order") "becomes final," and because the statute uses the term "final" to refer to the future effect of the dismissal by limiting the time to file a second action, we hold that a dismissal or other disposition "becomes final" under Section 16.064(a)(2) when the parties have exhausted their appellate remedies and the courts' power to alter the dismissal has ended.

## IV.
## Answers to Certified Questions

Based on our holdings explained above, we answer the Fifth Circuit's certified questions as follows: (1) because the Dallas district court dismissed the first action because of lack of jurisdiction, Section 16.064 applies even though the flight attendants could have invoked that court's subject-matter jurisdiction with proper pleading, and (2) the flight attendants filed this second action in the state court in Harris County within sixty days after the Dallas district court's dismissal of the first action became "final" by filing within sixty days after they exhausted all appeals from the dismissal and the appellate court lost plenary power.

> Jeffrey S. Boyd
> Justice

**OPINION DELIVERED:** December 1, 2023

31